**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**

**Civil Case Number:** _____

|  |  |
|---|---|
| Equilla Black, | : |
|  | : |
| Plaintiff, | : |
| vs. | : |
|  | : |
| GBS International, Inc. d/b/a World Quest | : |
| Travel Club, | : |
|  | : |
| Defendant. | : |
|  | : |

**COMPLAINT**

For this Complaint, Plaintiff, Equilla Black, by undersigned counsel, states as follows:

**JURISDICTION**

1.      This action arises out of Defendant's repeated violations of the Telephone

Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant

transacts business in this District and a substantial portion of the acts giving rise to this action

occurred in this District.

**PARTIES**

3.      Plaintiff, Equilla Black ("Plaintiff"), is an adult individual residing in Panama

City, Florida, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

4.      Defendant, GBS International, Inc. d/b/a World Quest Travel Club ("GBS"), is a

Florida business entity with an address of 9450 Sunset Drive, Miami, Florida 33173, and is a

"person" as the term is defined by 47 U.S.C. § 153(39).

## FACTS

5.      In 2017, GBS began calling Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS" or "predictive dialer") and/or using an artificial prerecorded voice.

6.      When she answered calls from GBS, Plaintiff heard a prerecorded message.

7.      Plaintiff spoke with GBS and demanded that all calls to her cellular telephone number cease.

8.      In addition, Plaintiff sent multiple written requests in which she demanded that GBS the calls stop.

9.      Nevertheless, GBS continued to place automated calls to Plaintiff's cellular telephone number.

10.     GBS's calls directly interfered with Plaintiff's right to peacefully enjoy a service for which she paid, and caused Plaintiff a significant amount of anxiety, frustration and annoyance.

## COUNT I
## VIOLATIONS OF THE TCPA 47 U.S.C. § 227, et seq.

11.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12.     At all times mentioned herein, GBS called Plaintiff's cellular telephone number using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

13.     In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*,

18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

14.     Defendant telephone system(s) have some earmarks of a predictive dialer.

15.     When Plaintiff answered calls from Defendant, she heard a prerecorded message.

16.     Upon information and belief, Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17.     Defendant placed automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

18.     The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

19.     The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21.     As a result of each call made in knowing and/or willful violation of the TCPA,

Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47

U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

22.     Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1.  Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

2.  Punitive damages; and

3.  Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: December 22, 2017

Respectfully submitted,

By  /s/ Sergei Lemberg

Sergei Lemberg, Esq.
Lemberg Law, LLC
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
slemberg@lemberglaw.com